# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, CDCR #E-67897,<br><br>Plaintiff,<br><br>vs.<br><br>D. PARAMO, et al.,<br><br>Defendants. | Case No.   13cv2261 BTM (DHB)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

Plaintiff Kyle Avery is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

Defendants have filed a pre-answer motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (Doc. No. 32). In their Motion, Defendants argue that Plaintiff has failed to exhaust all available administrative remedies as to his retaliation claims prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a); Defs.' Mot. at 6.

/ / /

1    "The PLRA mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983." *Albino*, 747 F.3d at 1171, *citing Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id*. at 1170. The Ninth Circuit has held that "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56." *Id*. at 1168.

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to find, as a matter of law, that he failed to exhaust administrative remedies as to his claims of retaliation pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies related to his claims of retaliation as were available to him prior to filing suit. *See Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (a district court must "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies"). The Court cautions Plaintiff that if he does not submit his own evidence in opposition, summary judgment as to his retaliation claims, if appropriate, may be entered against him. If summary judgment as to his retaliation claims is granted, those claims will be dismissed and there will be no trial on the merits as to those claims.

Defendants' Motion is set for hearing on **Friday, October 24, 2014**, at 11 a.m. in Courtroom 15B. Accordingly, Plaintiff must file an opposition to Defendants' Motion and serve it upon Defendants' counsel of record no later than **Friday, October 10, 2014**. Defendants may file a reply no later than **Friday, October 17, 2014**. At the time set for hearing, the Court will consider the matter fully briefed as submitted on the papers and will issue a written Order in due course.

/ / /

1  Unless otherwise ordered, no appearances are required on October 24, 2014, and
2  no oral argument will be held on that date. *See* S.D. CAL. CIVLR 7.1.d.1.
3  **IT IS SO ORDERED**.

5  DATED: 9/9/2014                    _____
6                                     HON. BARRY TED MOSKOWITZ, Chief Judge
                                      United States District Court