1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY<br>CDCR #E-67897,<br><br>                              Plaintiff,<br><br><br><br>                    vs.<br><br><br><br><br><br>D. PARAMO, et al.,<br><br><br>                              Defendants. | Case No.:  13cv2261 BTM (DHB)<br>*Consolidated with Civil Case No.<br>13cv3169 BTM (DHB)<br>**ORDER:**<br><br>**1)  GRANTING DEFENDANTS'<br>MOTIONS TO CONSOLIDATE<br>CIVIL ACTIONS 13cv2261 BTM<br>(DHB) AND 13cv1369 BTM (DHB)<br>AND PLAINTIFF'S MOTION FOR<br>CLARIFICATION<br>[Doc. Nos. 18, 37, 43]**<br><br>**AND**<br><br>**2)  DENYING PLAINTIFF'S EX<br>PARTE MOTION FOR<br>IN CAMERA REVIEW<br>[Doc. No. 21]** |

Kyle Avery ("Plaintiff"), is a prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. He is proceeding in pro se and *in forma pauperis* in two separate civil actions, both filed pursuant to 42 U.S.C. § 1983 and

alleging violations of his constitutional rights by various RJD officials first arising in 2012 and continuing through August 2013.

In the first, filed on September 20, 2013, *Avery v. Paramo, et al.,* Civil Case No. 13cv2261 BTM (DHB), Plaintiff alleges violations of the First and Fourteenth Amendment related to the practice of his Pagan-Wiccan faith at RJD. He further asserts violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") regarding the Defendants' alleged refusals to provide specific accommodations for the practice of his faith. Plaintiff also alleged an additional claim of retaliation, arising in May 2013, but the Court granted summary judgment as to that claim on August 18, 2015, based on Plaintiff's failure to exhaust prior to suit pursuant to 42 U.S.C. § 1997e(a). *See* Doc. No. 40. The remaining Defendants, Paramo, Ruffino, Beard, Lozano, Dickinson, McDonald, Allison, Stainer, Gonzalez, Chamberlin, Hadjadj, Bradford, Pool, Rutledge, Carter, Allamby, and Benyard were ordered to file a responsive pleading, *id.* at 21, and on August 31, 2015, they filed an Answer (Doc. No. 41).

In the second, filed on December 26, 2013, *Avery v. Allamby, et al.*, Civil Case No. 13cv3169 BTM (DHB),[1] Plaintiff is proceeding in a First Amended Complaint (Doc. No. 5), with free exercise and retaliation claims against Defendants Canada, Allamby and Clarke.[2] Plaintiff claims Canada and Allamby (who is also named as a Defendant in Civil

_____

[1]  Civil Case No. 13cv3169 was initially assigned to U.S. District Judge John A. Houston and U.S. Magistrate Judge Mitchell D. Dembin, but the case was transferred to the docket of this Court and U.S. Magistrate Judge David B. Bartick in response to Defendants' Notice of Related Case (Doc. No. 12) and pursuant to the Court's "Low-Number Rule," S.D. Cal. CivLR 40.1(e) and (f) on February 6, 2006 (Doc. No. 13).

[2]  Plaintiff has not served Defendant Clarke, despite having been granted an extension of time in which to do so. *See* Doc. Nos. 8, 16. Therefore, Defendant Clarke is not a proper party to either action at this time, and will be subject to a FED. R. CIV. P. 4(m) dismissal unless Plaintiff can remedy this defect. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). Where a pro se plaintiff fails to provide the Marshal with sufficient information

Case No. 13cv2261 BTM (DHB)), confiscated his "personal" religious items in August 2013, and thereafter issued him a CDCR 128-A "counseling chrono" which he claims threatened him with future disciplinary action. Plaintiff further contends that on August 20, 2013, Defendant Clarke issued a CDCR 115 Disciplinary Rules Violation ("RVR"), charging him with disobeying a direct order. Plaintiff claims that his items were confiscated and the RVR was issued in retaliation for his having exercised his rights to free exercise and to petition for redress via RJD's administrative grievance procedures. *See* Amend. Compl. at 8-16. Defendants Canada and Allamby have filed an Answer (Doc. No. 11).

## I.     Defendants' Motions to Consolidate

Counsel for Defendants in both cases has filed a Motion to Consolidate these actions pursuant to FED. R. CIV. P. 42(a) (Doc. Nos. 18, 37). Defendants claim consolidation is appropriate because both allege similar facts, require the application of the same law, and involve some of the same parties. Defendants further claim consolidation will not result in delay or prejudice Plaintiff, and that consolidation will prevent inconsistent verdicts (Doc. Nos. 18-1 at 5-8; 37-1 at 5-8).

In response, Plaintiff has filed a "Non-Opposition to Defense Motion to Consolidate" (Doc. No. 38); however, he also requests that in light of the consolidation, he not be "forced to pay a PLRA filing fee" for both cases. *See* Doc. No. 38 at 4. In addition, Plaintiff has filed a Motion seeking clarification as to the status of his retaliation claims in light of consolidation. *See* Pl.'s Mot. for Clarification (Doc. No. 43).

### A.     Standard for Consolidation

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

---

to effect service, the court may, after notice to Plaintiff, dismiss any unserved defendant pursuant to FED. R. CIV. P. 4(m). *See Crowley v. Bannister*, 734 F.3d 967, 975-76 (9th Cir. 2013).

13cv2261&13cv3169

actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte*. *In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

### B.   Application to Plaintiff's Cases

The Court finds, and all parties agree, that Civil Case No. 13cv2261 and Civil Case No. 13cv3169 were filed by the same Plaintiff, involve common questions of law and fact, and currently involve at least one of the same Defendants (Allamby).

Plaintiff raises First Amendment and RLUIPA free exercise claims in 13cv2261 related to the practice of his Wiccan faith and first arising sometime between March 28, 2012, when he arrived at RJD, and July 2012, when he filed an administrative grievance on behalf of himself and other Wiccan-Pagan practitioners at RJD. *See* Compl. at 17, 59. Thereafter, in May 2013, Plaintiff alleges Defendants Carter, Rutledge, Allamby, Paramo, Benyard, and Ruffino retaliated against for exercising these constitutional rights. *Id.* at 48-50, 59-64.

Plaintiff attempted to raise many of these same claims when he filed his second case, Civil No. 13cv3169 on December 26, 2013, but the Court dismissed them as duplicative of Civil Case No. 13cv2261 on July 11, 2014. *See* July 11, 2014 Order (Doc. No. 4) at 5-7. In his Amended Complaint (Doc. No. 5) in Civil Case No. 13cv3169, Plaintiff omitted the claims the Court found duplicative of Civil Case No. 13cv2261, but he alleged *different* claims of retaliation, yet still based on his First Amendment free exercise and rights to petition for redress, against Defendants Allamby, Canada, and Clarke, and arising at RJD in August 2013. *See* Amend. Compl. at 8-11. Therefore, the Court also directed the U.S. Marshal to effect service of Plaintiff's Amended Complaint in Civil No. 13cv3169 upon Allamby, Canada, and Clarke. *See* Nov. 10, 2014 Order (Doc. No. 6).

13cv2261&13cv3169

1   The Court agrees with Defendants' assessment that "[t]he story Plaintiff attempts to
2   tell in both [actions] will be [more] coherent and continuous if the cases are combined,"
3   and that "a trier of fact will not be confused" if Plaintiff's cases are consolidated. *See* Defs.'
4   P&As in Supp. of Mot. to Consolidate, Doc. Nos. 37-1 at 6; Doc. No. 18-1 at 6. Indeed,
5   Plaintiff's retaliation claims—those alleged against Defendants Canada, Allamby, and
6   Clarke in Civil Case No. 13cv3169, and arising in August 2013, depend, in part, on his
7   having exercised his constitutional rights both to free exercise of his Wiccan faith and his
8   right to petition for redress--the primary causes of action at issue in Civil Case No.
9   13cv2261. Moreover, Plaintiff identifies no prejudice which might result if his cases are
10  consolidated, and no delay will result since a scheduling order regulating discovery and
11  further proceedings has yet to issue in either case. *See Huene,* 743 F.2d at 704.

12  For these reasons, the Court finds consolidation of Civil Case Nos. 13cv2261 and
13  13cv3169 is warranted pursuant to FED. R. CIV. P. 42(a), and GRANTS Defendants'
14  Motions to Consolidate them into one civil action (Doc. Nos. 18, 37).

15  It further GRANTS Plaintiff's Motion for Clarification (Doc. No. 43) as to the status
16  of his retaliation claims as originally alleged in Civil Case No. 13cv3169 BTM (DHB)
17  against Defendants Canada, Allamby, and Clarke, and arising in August 2013. Those
18  claims remain as part of the now-consolidated action. His claims of relation as originally
19  alleged in Civil Case No. 13cv2261 BTM (DHB) against Defendants Carter, Rutledge,
20  Allamby, Paramo, Benyard, and Ruffino and arising in May 2013, however, have already
21  been found to be unexhausted, and summary judgment has been granted as to those claims
22  pursuant to FED. R. CIV. P. 56 and 42 U.S.C. § 1997e(a). *See* August 18, 2015 Order (Doc.
23  No. 40) at 18-20.

24  **C.    Plaintiff's Request re Filing Fees**
25  While Plaintiff does not object to consolidation, he does request that he not be
26  "forced to pay a PLRA fee" for both cases. *See* Pl.'s Non-Opposition (Doc. No. 38) at 4.
27  Because Plaintiff initiated two separate civil actions, however, and he was granted leave to

5                                                        13cv2261&13cv3169

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) in both of them, *see* Doc. No. 4 in 13cv3169, Doc. No. 9 in 13cv2261, he remains obligated to pay the filing fee for each action "commence[d]." *See* 28 U.S.C. § 1915(a)(1), (b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Nothing in section 1915 permits the Court to waive this requirement in the event of consolidation. *See, e.g., Adams v. Maricopa County Sheriff's Office*, 2010 WL 4269528 at *1-2 (D. Ariz. 2010) (denying prisoner's motion to stop withdrawal of monies from his trust account pursuant to 28 U.S.C. § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

## II.    Plaintiff's Ex Parte Motion

Finally, Plaintiff has filed an "Ex-Parte Confidential Motion in Camera for Review of Documents" in Civil Case No. 13cv3169 BTM DHB, in which he requests a "protection order for himself and his witnesses" against Defendant Rutledge, seeks the appointment of counsel, and "moves the court to sanction . . . Rutledge to privately cover the fees for that attorney and to garnish his wage[s]." Doc. No. 21 at 1-2. Plaintiff offers no legal authority supporting his requests, but he claims that either a protective order or the appointment of counsel is necessary because without such assistance, he will be unable to "investigate and access testimonies, records, [and] depositions," due to the "code of silence" between prison officials, and his fellow inmates' fears of retaliation should they testify against prison officials on his behalf. *See* Pl.'s Mot. (Doc. No. 21) at 9-10.

First, to the extent Plaintiff seeks a protective order pursuant to FED. R. CIV. P. 26(c), his request is denied without prejudice as premature. Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery.  FED. R. CIV. P. 26(c), *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). But the discovery period has yet to commence and no scheduling order governing discovery has

yet to issue in either Civil Case No. 13cv2261 or Civil Case No. 13cv3169. Moreover, Plaintiff fails to demonstrate that good cause exists to support any protective order at this time. *In re Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir. 1982); *see also Wood v. McEwen*, 644 F.2d 797, 801-801 (9th Cir. 1981).

Second, to the extent Plaintiff requests the appointment of counsel, he has failed to demonstrate the exceptional circumstances required to justify such an appointment pursuant to 28 U.S.C. § 1915(e)(1). *See Ageyman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

In both cases, Plaintiff has demonstrated his ability to set forth both the factual and legal basis for his claims, as well as a good grasp of the basic rules of federal procedure. *See Wilborn*, 789 F.2d at 1331. Thus, while it is too soon to say whether he can show a "likelihood" that he will succeed on the merits of any of his claims, Plaintiff's pleadings in both Civil Case No. 13cv2261 and Civil Case No. 13cv3169 satisfy Rule 8 sufficient to have survived the initial screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, he has managed to effect service upon practically every named Defendant, and he ably, although unsuccessfully opposed Defendants' Motion for Summary Judgment based on his failure to exhaust his retaliation claims in Civil Case No. 13cv2261 BTM (DHB).

And although any pro se litigant "would be better served with the assistance of counsel," so long as he is able to articulate his claims with sufficient clarity, as Plaintiff has done so far, the "exceptional circumstances" warranting appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) do not exist. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc); *Wilborn*, 789 F.2d at 1331 (noting that while discovery may prove "essential" in order for

a pro se plaintiff to prove the allegations he has made, "the need for such discovery does not necessarily qualify the issues involved as 'complex.'").

Therefore, to the extent Plaintiff's ex parte motion seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), it is denied without prejudice.

The Court does not construe Plaintiff's ex parte motion as seeking injunctive relief. Even if he were, Plaintiff would first have to demonstrate he exhausted all available administrative remedies as to the claims he makes in his motion.

## III. Conclusion and Order

Good cause appearing, the Court:

1) **DENIES** Plaintiff's "Ex-Parte Confidential Motion in Camera for Review of Documents" in Civil Case No. 13cv3169 BTM (DHB) (Doc. No. 21);

2) **GRANTS** Defendants' Motion to Consolidate Civil Case No. 13cv2261 BTM (DHB) and Civil Case No. 13cv3169 BTM (DHB) (Doc. Nos. 18, 37) pursuant to FED. R. CIV. P. 42(a). Any and all future docketing shall be done is lead consolidated Civil Case No. 13cv2261 BTM (DHB), and all future filings by all parties must be captioned as "Consolidated Civil Case No. 13cv2261 BTM (DHB)";

3) **GRANTS** Plaintiff's Motion for Clarification (Doc. No. 43); and

4) **DIRECTS** the Clerk of Court to file a copy of this Order in both Civil Case No. 13cv2261 BTM (DHB) and in Civil Case No. 13cv3169 BTM (DHB); however Civil Case No. 13cv3169 shall hereafter be considered administratively closed for all future purposes.

**IT IS SO ORDERED**.

Dated: September 8, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

13cv2261&13cv3169