UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY<br>CDCR #E-67897,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 13cv2261-BTM (DHB)<br>*Consolidated with Civil Case No.<br>13cv3169-BTM (DHB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 63]** |

On March 2, 2016, Plaintiff filed a motion requesting appointment of counsel. (ECF No. 63.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional

circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff asserts: (a) he is unable to afford retained counsel; (b) the issues in this case are complex; (c) he has a limited knowledge of the law; (d) the case may impact unrepresented inmates as a result of the relief Plaintiff seeks yet he is unqualified to represent those inmates who may be impacted by this action; and (e) he does not have the discovery resources to defend against and obtain expert witnesses. (ECF No. 63 at 1:16-23.) However, these arguments do not establish that Plaintiff's situation is any different than the typical state prisoner pursuing a civil rights lawsuit in federal court, let alone that his situation is exceptional. Plaintiff has sufficiently represented himself to date. Plaintiff has not shown how his imprisonment prevents him from sufficiently prosecuting his lawsuit. Rather, Plaintiff's numerous filings demonstrate he has a good grasp of his case and the legal issues involved. Moreover, his opposition to Defendants' motion for summary judgment for failure to exhaust demonstrates he has access to legal authorities. (*See* ECF No. 34.) Further, the Court does not find the issues in this case so complex to warrant appointment of counsel at this time. Accordingly, at this stage of the proceeding, the Court finds that Plaintiff has not shown the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Therefore, the Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel.

IT IS SO ORDERED.

Dated: March 11, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge